**AFFIRMED; Opinion Filed October 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01401-CR

### PATRICK ALLAN HERNANDEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-82100-2017**

# MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Stoddart

Following a bench trial, Patrick Allan Hernandez was convicted of assault on a public servant, and the trial court sentenced him to two years' confinement. In a single issue, appellant argues the evidence is insufficient to support his conviction.[1] We affirm the trial court's judgment.

On April 21, 2017, Justin Williams, a correction officer at Collin County jail, responded to another officer's request for assistance. Appellant, an inmate being housed in the Special Housing Unit, refused to return to his cell after being out for his allotted hour. Appellant sat on a stair, grasped onto the handrail, and told the officers he would not return to his cell. Eventually, the officers moved appellant against his will from the stair to a gurney to transport him to a restraint

---

[1] Appellant asserted a second issue in which he identified a discrepancy in the judgment. The trial court subsequently entered a judgment nunc pro tunc in which it remedied that error.

bed in the infirmary. Appellant continued resisting the officers' orders and acting aggressively while on the gurney.

William's hand was on appellant's head as Williams sought to physically control appellant. Williams testified another officer caused the gurney to move, which allowed appellant's head to move "just enough to where he could get a hold of my left hand pinkie finger and then he bit down." Williams immediately felt pain, pulled his hand away, and saw teeth marks on his finger. Williams described his finger: "It was red, very defined red marks that you could see the teeth, like the actual teeth marks, but it was just red. It wasn't swollen. There was no blood on the skin." The State admitted pictures of Williams's hand after appellant bit him. During the assault, appellant referred to Williams and another officer as "bitches." He also threatened to spit on the officers and told them he would discover where they lived and "get" them. He tried to kick them.

Appellant later asked Williams: "why you got to press charges on me for biting you?" Appellant then began laughing. Williams identified appellant in court as the man who assaulted him.

After appellant was restrained in the infirmary, Williams told Lieutenant Jess Christensen about the bite. Based on the marks on Williams's skin, Christensen believed the assault occurred. Billy Lanier, an investigator with the Collin County Sheriff's Office, reviewed statements made in the case and concluded appellant assaulted a public servant.

On the day of the assault, Williams was wearing his uniform and the inmates knew he was a sheriff's deputy. At the time of the assault, Williams was executing his official duties as a detention officer.

Appellant testified in his defense. When the officers told him to return to his cell, he said: "no, I'm suicidal. If I go back to my cell, I'm going to kill myself." He acknowledged these statements were not true but he wanted to go to the infirmary instead of the Special Housing Unit

and he knew a suicide threat would cause him to be sent to the infirmary. More officers arrived, but appellant refused to move. Once they separated him from the railing, appellant began "thrashing." He was placed on a gurney, continued "thrashing," and began threatening the officers. They transferred him to a restraint bed in the infirmary where Williams held appellant's head down until he was secured. Appellant testified he did not bite Williams.

In a single issue, appellant argues the evidence is insufficient to support the conviction. We review a challenge to the sufficiency of the evidence in a criminal offense under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id.* Direct and circumstantial evidence are treated equally: circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*

A person commits the offense of assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another. . ." TEX. PENAL CODE ANN. § 22.01(a)(1). The offense is ordinarily a Class A misdemeanor, except that the offense is a third degree felony if it is committed against "a person the actor knows is a public servant while the public servant is lawfully

–3–

discharging an official duty. . . ." *Id*. § 22.01(b)(1).  The penal code broadly defines public servant as "a person elected, selected, appointed, employed, or otherwise designated as . . . an officer, employee, or agent of government."  *See id*. § 1.07(41).

Williams testified that while he was executing his official duties as a corrections officer and wearing his uniform, appellant bit his finger, causing pain and redness.  Appellant later asked Williams: "why you got to press charges on me for biting you?" and began laughing.  Christiansen and Lanier both believed Williams was bitten.  Although two other officers testified they did not know whether appellant bit Williams and appellant testified he did not do so, it was the factfinder's duty to resolve any conflicts in the testimony.  *See Clayton*, 235 S.W.3d at 778.  Viewing the evidence in the light most favorable to the verdict, we conclude any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *See id.*  We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
171401F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

PATRICK ALLAN HERNANDEZ,
Appellant

No. 05-17-01401-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 199-82100-2017.
Opinion delivered by Justice Stoddart.
Justices Whitehill and Boatright
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of October, 2018.